UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JENNIFER FELTENSTEIN                                **CV**

                                        Plaintiff,
                     -against-                                      **COMPLAINT**

A&F EAST MAIN, INC.                           **JURY TRIAL REQUESTED**

                                      Defendant.
----------------------------------------------------------------x

## COMPLAINT

Plaintiff Jennifer Feltenstein (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant A&F East Main, Inc. (together referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), and the New York State Civil Rights Law, § 40 *et. seq.* Plaintiff also alleges claims for Negligence.

2. As explained more fully below, Defendant own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws.

1

Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

3.     These Defendant made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendant made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendant to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendant's place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendant provide to non-disabled customers.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State laws pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

**PARTIES**

6. At all times relevant to this action, Plaintiff Jennifer Feltenstein has been and remains currently a resident of New Rochelle in Westchester County in the State of New York.

7. At all times relevant to this action, Plaintiff Jennifer Feltenstein has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

8. Defendant A&F East Main, Inc. owns the property located at 243 East Main Street in Westchester County, New York (hereinafter referred to as "243 East Main Street").

9. 243 East Main Street is shopping center containing approximately 10 retail establishments.

10. One of those retail establishments located in 243 East Main Street is Knotz Hair Studio.

11. Plaintiff has frequently patronized Knotz Hair Studio in the past and intends to continue to do so in the future on a regular basis.

12. 243 East Main Street provides parking for customers of its retail tenants.

13. Defendant A&F East Main, Inc. owns, operates, and maintains the parking spaces provided at 243 East Main Street.

14. As explained below, 243 East Main Street has no accessible parking spaces.Plaintiff's parents have a wheelchair accessible van.

15. Plaintiff travels in a wheelchair accessible van owned by her family, which has included traveling to the Knotz Hair Studio at 243 East Main Street.

16. The wheelchair accessible van has a side door that opens up and an internal ramp projects outside the van and lowers onto the ground surface adjacent to the van.

17. Plaintiff is able to get into and out of the van via this internal ramp.

18. But, in order to utilize and operate this internal ramp, Plaintiff requires a wheelchair accessible access aisle adjacent to the parking space.

19. Plaintiff cannot safely enter or exit her vehicle unless there is an adjacent access aisle adjacent to the parking space.

20. 243 East Main Street has no accessible access aisles adjacent to any of its parking spaces.

21. Defendant negligently designed the parking spaces and endangered the safety of Plaintiff.

22. Without an adjacent access aisle, it is extremely dangerous for Plaintiff to enter or exit her vehicle into an empty adjacent parking space.

23. A person looking for a parking space would see an empty parking space in the location where the access aisle should be.

24. A person looking for a parking space would not see Plaintiff exiting or entering her vehicle until it is too late.  That person could easily drive into the adjacent and open parking space and slam into Plaintiff.

25. By not having adjacent access aisles, Defendant needlessly endangers Plaintiff's life.

26. Plaintiff has personally encountered these dangerous architectural barriers when she has entered and exited her vehicle at 243 East Main Street.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27. Defendant is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation at 243 East Main Street within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), and the NYSHRL (Executive Law § 292(9)).

28. 243 East Main Street is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), and the NYSHRL (Executive Law § 292(9)) as it is a facility operated by a private entity and its operations affect commerce.

29. Numerous architectural barriers exist at 243 East Main Street that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

30. Upon information and belief, 243 East Main Street was designed and constructed for first possession after January 26, 1993.

31. Upon information and belief, at some time after January 1992, alterations were made to 243 East Main Street including areas adjacent and/or attached to 243 East Main Street.

32. Upon information and belief, at some time after January 1992, alterations were made to 243 East Main Street.

33. The services, features, elements and spaces of 243 East Main Street are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design

(hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA"); as well as the 2016 Building Code of New York State ("NYS").

34. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of 243 East Main Street that are open and available to the public.

35. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards or the 2010 Standards.

36. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing 243 East Main Street as well as architectural barriers that exist include, but are not limited to, the following:

   I. Defendant fails to provide the minimum required number of accessible parking spaces. See 1991 Standards §§ 4.1.2(5), 4.6.1, 4.6.4; 2010 Standards §§ 208.1, 208.2.1, 208.2.2, and 502; and 2016 NYS § 1106.1.

   II. Defendant fails to provide that each of the designated car accessible parking spaces are at least 96 inches wide of clear unobstructed space and have an adjacent access aisle that is at least 60 inches wide of clear unobstructed space. See 1991 Standards §§ 4.6.3, 4.6.2; and 2010 Standards §§ 502.2, 502.3, 502.3.1.

   III. Defendant fails to provide that the car accessible parking spaces have an adjacent International Symbol of Accessibility sign designating the spaces as accessible parking spaces and mounted at the minimum required height above the ground surface. See 1991 Standards § 4.1.2(7)(a), 4.30.7, 4.6.4; and 2010 Standards §§ 502.6, 216.5, 703.7.2.1, 703.5.6.

   IV. Defendant fails to provide the minimum required number of van accessible parking spaces with an adjacent International Symbol of Accessibility sign

      designating the spaces as van accessible parking spaces and mounted at least 60 inches above the ground surface. See 1991 Standards § 4.1.2(5), 4.6.1, 4.6.4; and 2010 Standards §§ 208.2.4, 216.5, 502.6, 703.7.2.1.

V. Defendant fails to provide designated van accessible parking spaces that are at least 96 inches wide and have an adjacent access aisle that is at least 96 inches wide of clear unobstructed space; or a 132-inch wide parking space with an adjacent access aisle of 60 inches of clear unobstructed space. See 1991 Standards §§ 4.1.2(5)(b), 4.1.2(7)(a), 4.6.3; 2010 Standards §§ 502.2, 502.3, 502.3.1; and 2016 NYS § 1106.1.

VI. Defendant fails to provide access aisles that are marked with a sign reading "NO PARKING ANYTIME." See 2016 NYS § 1106.5; 2010 Standards § 502.3.3.

VII. Defendant fails to provide designated accessible parking spaces and access aisles that have slopes no greater than 2% in any direction. See 1991 Standards § 4.6.3; 2010 Standards §§ 502.4, 302; and 2016 NYS § 502.5.

VIII. Defendant fails to provide an access aisle that runs the entire length of the parking space without obstructions and/or changes in level. See 2010 Standards § 502.3.2.

IX. Defendant fails to provide an accessible route from an access aisles to the sidewalk. See 1991 Standards § 4.7; 2010 Standards §§ 406, 405; and 2016 NYS 1104.1.

X. Defendant fails to provide a passenger-loading zone that is on and connected to an accessible route from and to the entrance. See 1991 Standards §§ 6.2, 4.1.2(1), 4.1.2(5)(c), 4.3.2(1), 4.6, 4.14; and 2010 Standards § 206.2.

XI. Defendant fails to provide the International Symbol of Accessibility sign at the passenger-loading zone. See 1991 Standards §§ 4.2.7(b), 4.6; and 2010 Standards § 503.3.

XII. Defendant fails to provide a marked and adjacent access aisle to the passenger-loading zone that is also at least 60 inches wide and as long as the loading zone. See 1991 Standards § 4.6.5; and 2010 Standards § 503.5.

XIII. Defendant fails to provide a passenger-loading zone that has an access aisle of at least 60 inches wide and at least 20 feet long adjacent and parallel to the vehicle pull-up space. See 1991 Standards § 4.6.6; and 2010 Standards §§ 503 and 503.2.

XIV. Defendant fails to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building

    or facility entrance they serve. See 1991 Standards § 4.3.2(1); and 2010 Standards § 206.2.1.

 XV. Defendant fails to provide that at least one accessible route shall be provided within the site from accessible parking spaces to the accessible building or facility entrance they serve. See 1991 Standards § 4.3.2(1); and 2010 Standards § 206.2.1.

 XVI. Defendant fails to provide accessible curb ramps and landings at the tops of curb ramps. See 1991 Standards §§ 4.7.2, 4.7.5, 4.8.2; 2010 Standards §§ 405.2, 406.2, 406.4.

  37. Upon information and belief, a full inspection of 243 East Main Street will reveal the existence of other barriers to access.

  38. As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of 243 East Main Street in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

  39. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

  40. Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications to persons with disabilities.

  41. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within 243 East Main Street continues to exist and deter Plaintiff.

42. Plaintiff frequently travels to the area where 243 East Main Street is located.

43. Plaintiff intends to patronize 243 East Main Street several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards.

44. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether 243 East Main Street is fully accessible and compliant with the 1991 Standards or the 2010 Standards.

45. Plaintiff intends to patronize 243 East Main Street several times a year as "tester" to monitor, ensure, and determine whether 243 East Main Street is fully accessible and compliant with the 1991 Standards or the 2010 Standards.

**FIRST CAUSE OF ACTION**
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

46. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

47. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

48. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

49. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

50. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

51. By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

52. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

53. 243 East Main Street is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

54. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

55. The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

56. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

57. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

58. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

59. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

60. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

61. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

62. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

63. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

64. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

65. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

66. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendant has aided and abetted others in committing disability discrimination.

67. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

68. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

69. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

70. It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

71. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

72. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

73. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

74. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

75. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

76. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

77. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

78. Defendant negligently designed, constructed, operated, repaired, and maintained their place of public accommodation located at 243 East Main Street in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

79. At all relevant times, Defendant, who hold their property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 243 East Main Street in a reasonably safe condition.

80. Defendant breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation located at 243 East Main Street in a manner that has unreasonably endangered the Plaintiff's physical safety and caused plaintiff to fear for Plaintiff's own safety.

81. Defendant's failure to design, construct, operate, repair, and maintain their place of public accommodation located at 243 East Main Street in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff emotional distress.

82. Defendant has had actual and constructive notice that their place of public accommodation located at 243 East Main Street is not safe to the disabled.

83. As a direct result of Defendant's negligence, Plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

84. Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

85. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

86. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA and NYSHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, and NYSHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards, and NYSHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages and nominal damages as a result of Defendant's violations of the NYSHRL;

E. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

  F. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

  G. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 2, 2022
   New York, New York

              Respectfully submitted,

              **PARKER HANSKI LLC**

              By: /s
                Glen H. Parker, Esq.
                Attorneys for Plaintiff
                40 Worth Street, Suite 602
                New York, New York 10013
                Telephone: (212) 248-7400 ex. 15
                Facsimile: (212) 248-5600
                Email:ghp@parkerhanski.com